UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUNE FLANNERY, individually and as the Executor of the ESTATE OF KENNETH W. FLANNERY </br></br> Plaintiffs, </br></br> vs. </br></br> THE CITY OF INDIANAPOLIS; OFFICER ALAN HOPKINS; OFFICER MARSHALL HOSKINS; OFFICER MARK FORD; JOHN DOE INDIANAPOLIS POLICE DEPARTMENT OFFICERS, individually as Indianapolis Metropolitan Police Department Officers; SHERIFF JOHN R. LAYTON in his official capacity as the Sheriff of the Marion County Sheriff's Department; DEPUTY EARNEST WATERMAN; DEPUTY PARKER SANDERS; JOHN DOE MARION COUNTY SHERIFF'S DEPARTMENTS DEPUTIES individually as Marion County Sheriff Department Deputies; THE CITY OF SOUTHPORT, INDIANA; OFFICER KYLE MCCLINTOCK; JOHN DOE CITY OF SOUTHPORT POLICE DEPARTMENT OFFICERS, individually as a City of Southport Police Department Officers, </br></br> Defendants. | Cause No. 1:13-CV-1714-RLY-MJD |

**FIRST AMENDED COMPLAINT FOR DAMAGES AND**
<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs, by counsel, respectfully submit their Complaint for Damages and Demand for Jury Trial as follows:

# I. PRELIMINARY STATEMENT

1. This is an action brought by June Flannery, the mother of Kenneth Flannery, individually and as the Personal Representative of the Estate of Kenneth W. Flannery, against The City of Indianapolis (hereinafter "IMPD"), and Officer Alan Hopkins, Officer Marshall Hoskins, Officer Mark Ford, and other unnamed John Doe Indianapolis Metropolitan Police Department Officers, individually as IMPD Officers (hereinafter collectively referred to as "Officer(s)") pursuant to 42 U.S.C. §1983.

2. This action is also brought by June Flannery, the mother of Kenneth Flannery, individually and as the Personal Representative of the Estate of Kenneth W. Flannery, against Sheriff John R. Layton (hereinafter "MCSD") in his official capacity as the Sheriff of the Marion County Sheriff's Department, and Deputy Earnest Waterman, Deputy Parker Sanders, and other unnamed John Doe Marion County Sheriff's Department Deputies, individually as Sheriff Department Deputies (collectively hereinafter referred to as "Officer(s)") pursuant to 42 U.S.C. §1983.

3. This action is also brought by June Flannery, the mother of Kenneth Flannery, individually and as the Personal Representative of the Estate of Kenneth W. Flannery, against the City of Southport, Indiana (hereinafter "Southport PD"), and Officer Kyle McClintock and other unnamed John Doe City of Southport Police Department Officers (collectively hereinafter referred to as "Officer(s)"), individually as Southport PD Officers pursuant to 42 U.S.C. §1983.

4. The Plaintiffs also bring this action against IMPD, and Officer Alan Hopkins, Officer Marshall Hoskins, Officer Mark Ford, and other unnamed John Doe IMPD Officers, the MCSD, and Deputy Earnest Waterman, Deputy Parker Sanders, and other unnamed John Doe Marion County Sheriff's Department Deputies, Southport PD, and Officer Kyle McClintock and

other unnamed John Doe Southport PD Officers, under the pendent state law claims of wrongful death, specifically Ind. Code §34-23-1-1; § 34-23-1-2; and § 34-9-3-4.

5. Plaintiffs seek compensatory and punitive damages, and all reasonable and necessary medical and hospital expenses, autopsy expenses, funeral expenses, administrative costs and expenses, loss of love and companionship, and attorney fees and costs for bringing this action.

## II. JURISDICTION

6. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1331, this being a suit authorized by 42 U.S.C. §1983 to redress the deprivation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution.

7. This Court has supplemental jurisdiction to hear and decide Plaintiffs' state law theories pursuant to 28 U.S.C. § 1367.

## III. VENUE

8. Venue is proper in the Southern District of Indiana, Indianapolis Division under 28 U.S.C. §1391(b), which allows for an action to be brought in the district where the Defendants reside or in which the cause of action arose. The cause of action arose in Marion County, State of Indiana, which is in the Southern District of Indiana.

## IV. PARTIES

9. The decedent, Kenneth W. Flannery (sometimes referred to as the "decedent"), was a citizen of the United States of America and was at all times relevant to this Complaint a resident of Marion County, State of Indiana.

10. Plaintiff, June Flannery, is a citizen of the United States of America and was at all times relevant to this Complaint a resident of Marion County, State of Indiana.

11. This Complaint is brought on behalf of the decedent by the Estate of Kenneth W. Flannery and by the decedent's mother, June Flannery, individually.

12. Defendant City of Indianapolis is a governmental entity organized and existing under, and by virtue of, the laws of Indiana.

13. Defendant City of Indianapolis operates and controls the Indianapolis Metropolitan Police Department created by the City-County General Ordinance No. 100, 2005, Chapter 279, in order to provide public safety and protection for the City of Indianapolis and all citizens in the Indianapolis metropolitan area.

14. Defendants Alan Hopkins, Marshall Hoskins, Mark Ford, and other unnamed John Doe IMPD Officers were at all times relevant hereto employed as members of the IMPD. The Defendant officers, named and unnamed, are all individually responsible for the enforcement of the United State Constitution and all laws and regulations of the United States and of the State of Indiana.

15. Defendant Sheriff John R. Layton is the elected Sheriff of the Marion County Sheriff's Department. The Marion County Sheriff's Department is a governmental unit located in Marion County, in the State of Indiana in order to provide public safety and protection for the City of Indianapolis and Marion County and all of the citizens in the Indianapolis metropolitan area and Marion County.

16. Defendants Earnest Waterman, Parker Sanders, and John Doe MCSD Deputies were at all times relevant hereto employed as members of the MCSD. The Defendant Officers, named and unnamed, are all individually responsible for the enforcement of the United State Constitution and all laws and regulations of the United States and of the State of Indiana.

17. The City of Southport is a governmental entity organized and existing under, and by virtue of the laws of Indiana.

18. Defendant City of Southport operates and controls the City of Southport Police Department in order to provide public safety and protection for the City of Southport and Marion County and all of the citizens in the Indianapolis metropolitan area.

19. Defendants Kyle McClintock and John Doe Southport PD Officers were at all times employed as members of the Southport PD. The Defendant Officers, named and unnamed, are all individually responsible for the enforcement of the United State Constitution and all laws and regulations of the United States and of the State of Indiana.

20. The conduct of each individual Defendant police officer, named or unnamed, was objectively unreasonable under the circumstances and violated the constitutional rights of the decedent, Kenneth Flannery. They were at all times relevant acting under the color of state law as State Police Officers and are sued in their individual capacities.

## V. FACTUAL ALLEGATIONS

21. On July 21, 2012, the Defendants used excessive force in their arrest, restraint, and confinement of Kenneth Flannery causing his death. The Defendants were objectively unreasonable in that they deprived Kenneth Flannery of prompt and appropriate medical care and were willfully indifferent to Kenneth Flannery's medical needs.

22. The Defendants are responsible for the wrongful death of the Kenneth Flannery.

23. On July 21, 2012, at approximately 7:36 p.m., the Defendants' Officers were dispatched by radio to 8110 Madison Ave, Indianapolis, Indiana based on a report of an intoxicated person.

24. Defendant Earnest Waterman arrived on the scene and made initial contact with the decedent – Kenneth Flannery. Upon Deputy Waterman's arrival, Kenneth Flannery was sitting on the ground, legs in front of him, with his hands propped behind his back holding him up.

25. Upon Deputy Waterman's request, Kenneth Flannery provided Defendant Waterman with his photo identification card.

26. Officer Marshall Hoskins arrived on scene a short time later and took charge of the arrest of Kenneth Flannery.

27. Soon after, the other Defendants and other officers, whose identities are unknown at this time, arrived on the scene, and assisted in holding, restraining, assaulting, loading, and confining the decedent into the jail-wagon.

28. Kenneth Flannery was placed in handcuffs and foot shackles and was placed face-down on the pavement.

29. One or more of the Defendant Officers used their body weight to hold Kenneth Flannery face-down on the pavement for an extended period of time.

30. Kenneth Flannery repeatedly told the Defendant Officers that he was unable to breathe throughout the arrest.

31. At some point during the arrest, after Kenneth Flannery had been restrained in handcuffs and foot shackles, Kenneth Flannery was held down on the ground by the Defendants while other Defendants punched, kicked, and struck Kenneth Flannery with clubs.

32. A jail wagon was summoned and the Defendants loaded Kenneth Flannery into the wagon. The Defendants placed Kenneth Flannery facedown into the wagon, elevated his legs, and essentially locked his body in a confined and contorted hog-tie position.

33. The Defendants confined and restrained Kenneth Flannery in a space and body position that was incompatible with breathing.

34. While the decedent was being loaded into the wagon by one or more officers, other officers whose identities are unrevealed at this time, stood there and did nothing.

35. The wagon driver failed to monitor Kenneth Flannery's medical and physical condition while driving Kenneth Flannery to the Defendants' Arrestee Processing Center.

36. Upon arrival at the Arrestee Processing Center, Kenneth Flannery was found unconscious and pronounced dead at the scene.

37. The decedent had suffered a lacerated spleen, broken ribs, cuts and bruising all over his body, and died of suffocation as a result of positional asphyxiation.

38. Officer Alan Hopkins, Officer Marshall Hoskins, Officer Mark Ford, and other unnamed John Doe IMPD Officers, Deputy Earnest Waterman, Deputy Parker Sanders, and other unnamed John Doe Marion County Sheriff's Department Deputies, Officer Kyle McClintock and other unnamed John Doe Southport PD Officers, were all on scene of the arrest of Kenneth Flannery. All of these Officers participated in the arrest and violation of Kenneth Flannery's rights and/or stood by and did nothing to prevent the other Officers from violating Kenneth Flannery's rights.

## VI. FEDERAL CAUSES OF ACTION

### a. FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS – EXCESSIVE FORCE

39. The Plaintiffs incorporate by reference rhetorical paragraphs 1 through 38 as if fully set forth herein.

40. Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, McClintock, and other unnamed John Doe Defendants use of force in detaining, restraining, confining, and transporting Kenneth Flannery was excessive.

41. While the Defendants were utilizing excessive force in their arrest, restraint, and the manner in which Kenneth Flannery was loaded, retrained, and confined in the jail wagon by one or more officers, other Officers stood there and did nothing.

42. Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, McClintock, and other unnamed John Doe Defendants were acting under color of state law and in the scope of their employment as police officers at all times relevant to this Complaint.

43. Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, McClintock, and other unnamed John Doe Defendants' unlawful conduct was a proximate cause of the death of Kenneth W. Flannery.

b. **SECOND CAUSE OF ACTION: 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS – OBJECTIVELY UNREASONABLE CONDITIONS OF CONFINEMENT**

44. The Plaintiffs incorporate by reference rhetorical paragraphs 1 through 43 as if fully set forth herein.

45. Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, McClintock, and other unnamed John Doe Defendants confinement of Kenneth Flannery in the jail wagon constituted punishment in violation of Kenneth Flannery's Constitutional Rights.

46. Specifically, Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, McClintock, and other unnamed John Doe Defendants placed Kenneth Flannery face-down in the foot-well of the jail wagon measuring 46.5 inches long by 19 inches wide, with his hands cuffed behind his back, and feet shackled. Kenneth Flannery's legs were then propped up above his head in a hog-tie like position.

47. The Defendants' manner of restraining and positioning Kenneth Flannery was objectively unreasonable and deprived Kenneth Flannery of minimalized civilized measures of life necessities. Specifically, the Defendants' positioning of Kenneth Flannery deprived Flannery of the ability to freely breathe oxygen resulting in a slow and agonizing death by suffocation.

48. The Defendants' manner of restraining and positioning Kenneth Flannery in the jail wagon was objectively unreasonable under the circumstances, bore no reasonable relationship to any legitimate government interest, and constitutes punishment.

49. While Kenneth Flannery was being loaded, confined, and restrained into the jail wagon for transport by one or more officers, other officers stood there and did nothing.

50. Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, McClintock, and other unnamed John Doe Defendants were acting under color of state law and in the scope of their employment as police officers at all times relevant to this Complaint.

51. Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, McClintock, and other unnamed John Doe Defendants' unlawful conduct was a proximate cause of the death of Kenneth W. Flannery.

   c. **THIRD CAUSE OF ACTION: 42 U.S.C. § 1983 AGAINST GOVERNMENTAL ENTITIES – DEPRIVATION OF PROMPT AND APPROPRIATE MEDICAL CARE**

52. The Plaintiffs incorporate by reference rhetorical paragraphs 1 through 51 as if fully set forth herein.

53. Defendants IMPD, Southport PD, and MCSD share resources, policies, and procedures as well as delegate duties related to the medical care, custody, and transportation of arrestees.

54. Defendants IMPD, Southport PD, and MCSD's officially adopted policies, customs, and practices were objectively unreasonable and willfully indifferent to Kenneth Flannery's emergency medical needs and deprived Kenneth Flannery of prompt and appropriate medical care.

55. In the spring of 2012, IMPD, Southport PD, and MCSD implemented the APC Alcohol Detoxification Program (hereinafter "Redirect Program"). The Redirect Program required that all intoxicated male arrestees be brought to the Arresting Processing Center for medical evaluation. The Redirect Program stripped IMPD, Southport PD, MCSD officers, and the Defendant Officers herein, of the power and ability to render prompt and appropriate medical care to Kenneth Flannery.

56. On July 21, 2012, the Officers were operating under the rules and procedures set forth by Redirect Program.

57. Specifically, the Redirect Program prohibited the Officers from taking Kenneth Flannery directly to a hospital or from summoning Emergency Medical Technicians to provide emergency medical care at the scene of the arrest and to provide expedited transportation to a hospital.

58. The Redirect Program constitutes a policy and practice that is objectively unreasonable on the part of IMPD, Southport PD, and MCSD toward the medical needs of all arrestees, and of Kenneth Flannery on July 21, 2012.

59. Defendants IMPD, Southport PD, and MCSD's unlawful conduct was a proximate cause of the death of Kenneth W. Flannery.

## VII. PENDENT STATE LAW CLAIMS

a. **FOURTH CAUSE OF ACTION: WRONGFUL DEATH IN VIOLATION OF § 34-23-1-1 ET SEQ.**

60. The Plaintiffs incorporate by reference rhetorical paragraphs 1 through 59 as if fully set forth herein.

61. Kenneth Flannery was an adult person at his death because he was over the age of twenty (20), was unmarried, and had one adult dependent.

62. The Defendants owed Kenneth Flannery a duty of care.

63. The Defendants breached that duty by failing to exercise reasonable care to ensure Kenneth Flannery's safety while he was in the Defendants' custody and control.

64. The Defendants' acts and omissions caused the Plaintiffs' losses and damages and resulted in the injury and death of Kenneth Flannery.

65. The Defendants were acting within the scope of their employment at all times relevant to this Complaint.

66. As a result of the Defendants' failure to exercise reasonable care, the Plaintiff, individually as a parent of the deceased and as personal representative of the estate of the deceased, requests the following relief: (A.) Reasonable medical, hospital, autopsy, funeral, and burial expenses necessitated by Defendants' conduct; (B.) Damage for the loss of the love and companionship of Kenneth Flannery; (C.) Attorney fees and costs of this action; and (D.) Any other relief which this Court deems just and proper.

    **b. FIFTH CAUSE OF ACTION: ALTERNATIVE SURVIVAL ACTION**

67. The Plaintiffs incorporate by reference rhetorical paragraphs 1 through 66 as if fully set forth herein.

68. As a direct and proximate result of the Defendants' reckless and careless treatment of Kenneth Flannery, Kenneth Flannery suffered significant pain and mental suffering

and torture, incurred medical bills, and was deprived of the enjoyment of life up to the time of his death on July 21, 2012.

69. As a result of the Defendants' failure to exercise reasonable care, the Plaintiff, individually as a parent of the deceased and as personal representative of the estate of the deceased, requests to recover all damages resulting before the time of death that, including, but not limited to the following relief: (A.) Reasonable medical, hospital, autopsy, funeral, and burial expenses necessitated by Defendants' conduct; (B.) Damage for the loss of the love and companionship of Kenneth Flannery; (C.) Attorney fees and costs of this action; and (D.) Any other relief which this Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

70. The Plaintiffs hereby request a trial by jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff June Flannery, individually as the parent of the deceased and as personal representative of the Estate of Kenneth W. Flannery, requests the following relief:

(a) To declare the Defendants' conduct unlawful;

(b) To award compensatory damages for decedent's death, including, but not limited to loss of earnings, life, service, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for pain and suffering;

(c) Reasonable medical, hospital, autopsy, funeral, and burial expenses necessitated by Defendants' conduct and damage for the loss of the love and companionship of Kenneth Flannery pursuant to the Indiana Wrongful Death Act and Survival Act;

(d) To award punitive damages to deter the Officer Defendants from committing similar conduct in the future;

(e) To award attorney fees and costs; and

(f) To grant such other relief as the Court deems proper.

Respectfully submitted,

*/s/ Brian R. Drummy*
Brian R. Drummy, #26348-49
Samuel R. Ardery, #4145-53
BUNGER & ROBERTSON
226 South College Square
Post Office Box 910
Bloomington, Indiana 47402-0910
Phone: (812) 332-9295
Fax: (812) 331-8808
Email: bdrummy@lawbr.com
Email: sardery@lawbr.com
*Attorneys for Plaintiffs June Flannery, individually and as the Executor of the Estate of Kenneth W. Flannery*