IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUNE FLANNERY, individually and as the Executor of the ESTATE OF KENNETH W. FLANNERY, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF INDIANAPOLIS; OFFICER ALAN HOPKINS; OFFICER MARSHALL HOSKINS; OFFICER MARK FORD; JOHN DOE INDIANAPOLIS POLICE DEPARTMENT OFFICERS, Individually as Indianapolis Metropolitan Police Department Officers; SHERIFF JOHN R. LAYTON in his official Capacity as the Sheriff of the Marion County Sheriff's Department; DEPUTY EARNEST WATERMAN; DEPUTY PARKER SANDERS; JOHN DOE MARION COUNTY SHERIFF'S DEPARTMENTS DEPUTIES Individually as Marion County Sheriff Department Deputies; THE CITY OF SOUTHPORT, INDIANA; OFFICER KYLE MCCLINTOCK; JOHN DOE CITY OF SOUTHPORT POLICE DEPARTMENT OFFICERS, individually as a City of Southport Police Department Officers, <br><br> Defendants. | CAUSE NO.1:13-cv-1714-RLY-MJD <br><br> **JURY TRIAL RQUESTED** |

## DEFENDANTS, THE CITY OF SOUTHPORT, INDIANA AND OFFICER KYLE MCCLINTOCK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Come now the Defendants, The City of Southport, Indiana and Officer Kyle

McClintock ("Defendants"), by counsel, and for their Answer to Plaintiffs' First

Amended Complaint, allege and say:

## I. PRELIMINARY STATEMENT

1.      The allegations contained in paragraphs one (1) through five (5) of Section I. Preliminary Statement of Plaintiffs' First Amended Complaint, are preliminary in nature and do not make material contentions as against the Defendants, and, therefore, no response is required.  However, to the extent a responsive pleading is required, and to the extent the allegations contained in paragraphs one (1) through five (5) are directed to the Defendants, they are specifically denied.

## II. JURISDICTION

2.      Defendants admit the material allegations contained in paragraphs six (6) and seven (7) of Section II-Jurisdiction of Plaintiffs' First Amended Complaint.

## III. VENUE

3.      Defendants admit the material allegations contained in paragraph eight (8) of Section III – Venue of Plaintiffs' First Amended Complaint.

## IV. PARTIES

4.      Defendants are without sufficient information to either admit or deny the material allegations contained in paragraphs nine (9), ten (10), eleven (11), thirteen (13), fourteen (14), fifteen (15) and sixteen (16) of Section IV – Parties of Plaintiffs' First Amended Complaint, and therefore denies the same.

5.      Defendants admit the material allegations contained in paragraphs twelve (12) and seventeen (17) of Section IV - Parties of Plaintiffs' First Amended Complaint.

6.     In response to paragraph eighteen (18) of Section IV- Parties of Plaintiffs' First Amended Complaint, Defendants admit that the City of Southport Police Department is a department of the City of Southport and that it provides police services to the City of Southport and its citizens. Defendants deny the remaining allegations contained in paragraph eighteen (18) of Section IV Parties of Plaintiffs' First Amended Complaint.

7.     In response to paragraph nineteen (19) of Section IV- Parties of Plaintiffs' First Amended Complaint, Defendants admit that Officer McClintock was employed by the Southport Police Department at the time arrest of Kenneth Flannery. Defendants deny that Officer McClintock was responsible for the enforcement of the United States Constitution and all laws and regulations of the United States and of the State of Indiana. By way of further answering, Defendants deny that any other employees of the Southport Police Department were at the scene of the arrest of Kenneth Flannery.

8.     Defendants deny the material allegations contained in paragraph twenty (20) of Section IV – Parties of Plaintiffs' First Amended Complaint.

## V.     FACTUAL ALLEGATIONS

9.     Defendants deny the material allegations contained in paragraphs twenty-one (21) through twenty-two (22), thirty-three (33) and thirty-four (34) of Section V – Factual Allegations of Plaintiffs' First Amended Complaint.

10.  . Defendants admit the material allegations contained in paragraph twenty-three (23) of Section V – Factual Allegations of Plaintiffs' First Amended Complaint.

11.  Defendants are without sufficient information to either admit or deny the material allegations contained in paragraphs twenty-four (24) through twenty-six (26), twenty-eight (28) through thirty-one (31) and thirty-five (35), thirty-six (36) and thirty-seven (37) of Section V – Factual Allegations of Plaintiffs' First Amended Complaint, and therefore denies the same.

12.  In response to paragraph twenty-seven (27), Defendants admit that Officer McClintock arrived on the scene and assisted in escorting Mr. Flannery to the jail wagon.. Defendants deny all remaining material allegations contained in paragraph twenty-seven (27) of Section V – Factual Allegations of Plaintiffs' First Amended Complaint.

13.  In response to paragraph thirty-two (32),  Defendants deny that Officer McClintock loaded Kenneth Flannery into the jail wagon, placed him face down in the wagon, elevated his legs, or locked his body in a confined or contorted hogtie position.

14.  In response to paragraph thirty-two (38), Defendants admit that Officer McClintock was at the scene of the arrest of Kenneth Flannery for a period of time, but deny that he was there for the entirety of the Kenneth Flannery's interaction with police officers on the evening of the arrest.  Defendants deny all remaining material allegations contained in paragraph thirty-eight  (38) of Section V – Factual Allegations of Plaintiffs' First Amended Complaint.

## VI.   FEDERAL CAUSES OF ACTION

### a.   First Cause of Action: 42 U.S.C.§ 1983 Against Individual Defendants Excessive Force

15.    In response to paragraph thirty-nine (39) of Section VI-a. Federal Causes of Action of Plaintiffs' First Amended Complaint, Defendants incorporate by reference their response to paragraphs one (1) through thirty-eight (38) of the Plaintiffs' First Amended Complaint as if set forth in their entirety.

16.    Defendants deny the material allegations contained in paragraphs forty-(40), forty-one (41) and forty-three (43) of Section VI-a – Federal Causes of Action of Plaintiffs' First Amended Complaint.

17.    Defendants admit the material allegations contained in paragraphs forty-two (42) of Section VI-a – Federal Causes of Action of Plaintiffs' First Amended Complaint.

### b.   Second Cause of Action:  42 U.S.C. § Against Individual Defendants – Objectively Unreasonable Conditions of Confinement

18.    In response to paragraph forty-four (44) of Section VI-b. Federal Causes of Action of Plaintiffs' First Amended Complaint, Defendants incorporate by reference their response to paragraphs one (1) through forty-three (43) of the Plaintiffs' First Amended Complaint as if set forth in their entirety.

19.    Defendants deny the material allegations contained in paragraphs forty-five (45) through forty-nine (49), and fifty-one (51) of Section VI-b – Federal Causes of Action of Plaintiffs' First Amended Complaint.

20.    Defendants admit the material allegations contained in paragraph fifty (50) of Section VI-b – Federal Causes of Action of Plaintiffs' First Amended Complaint.

**c.    Third Cause of Action:  42 U.S.C. § Against Governmental Entities – Depravation of Prompt and Appropriate Medical Care**

21.    In response to paragraph fifty-two (52) of Section VI-b. Federal Causes of Action of Plaintiffs' First Amended Complaint, Defendants incorporate by reference their response to paragraphs one (1) through fifty-one (51) of the Plaintiffs' First Amended Complaint as if set forth in their entirety.

22.    Defendants deny the material allegations contained in paragraphs fifty-three (53) through fifty-nine (59) of Section VI-b – Federal Causes of Action of Plaintiffs' First Amended Complaint.

## VII.    PENDENT STATE LAW CLAIMS

### a.    Fourth Cause of Action:
### Wrongful Death in Violation of § 34-23-1-1 ET. SEQ

23.    In response to paragraph sixty (60) of Section VII-a. Pendent State Law Claims of Plaintiffs' First Amended Complaint, Defendants incorporate by reference their response to paragraphs one (1) through fifty-nine (59) of the Plaintiffs' First Amended Complaint as if set forth in their entirety.

24.    Defendants are without sufficient information to either admit or deny the material allegations contained in paragraph sixty-one (61) and sixty-two (62) of Section VII-a – of Plaintiffs' First Amended Complaint, and therefore denies the same.

25.     Defendants deny the material allegations contained in paragraphs sixty-three (63) through sixty-six (66) of Section VI-b – Federal Causes of Action of Plaintiffs' First Amended Complaint.

## VII.    PENDENT STATE LAW CLAIMS

### b.    Fifth Cause of Action:  Alternative Survival Action

26.     In response to paragraph sixty-seven (67) of Section VII-b. Pendent State Law Claims of Plaintiffs' First Amended Complaint, Defendants incorporate by reference their response to paragraphs one (1) through sixty-six (66) of the Plaintiffs' First Amended Complaint as if set forth in their entirety.

27.     Defendants deny the material allegations contained in paragraphs sixty-eight (68) and sixty-nine (69) of Section VII-b – Federal Causes of Action of Plaintiffs' First Amended Complaint.

WHEREFORE, the Defendants, The City of Southport, Indiana and Officer Kyle McClintock, would pray for judgment in their favor, that Plaintiffs take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief in the premises.

## AFFIRMATIVE DEFENSES

Come now the Defendants, by counsel, and for their Affirmative Defenses to Plaintiffs' First Amended Complaint, alleges and says:

1.     Defendant Kyle McClintock is entitled to qualified immunity from Plaintiffs' federal claims.

2.     Defendant Kyle McClintock is entitled to immunity pursuant to Ind. Code § 34-13-3-5 for the state law claims.

3.     Defendants are immune from liability pursuant to Ind. Code § 34-13-3-3.

4.     The decedent Kenneth Flannery was contributorily negligent, and such conduct bars Plaintiffs' claim under Ind. Code § 34-13-3-1, *et seq*.

5.     The Plaintiffs' claim against the Defendant(s) is barred pursuant to Ind. Code § 34-13-3-1, *et seq*.

6.     The Defendants are immune from liability to the Plaintiffs pursuant to Ind. Code § 34-13-3-1, *et seq*.

7.     The Plaintiffs failed to file a timely Notice of Tort Claim pursuant to Ind. Code § 34-13-3-1, *et seq*.

8.     Defendant Kyle McClintock was not personally involved in the alleged unconstitutional acts.

9.     No act or omission committed by the Defendants was the proximate cause of the damage, if any, incurred by Plaintiffs.

10.    Defendants reserve the right to add additional affirmative defenses as they are discovered through further investigation and the discovery process.

WHEREFORE, the Defendants, The City of Southport, Indiana and Officer Kyle McClintock, would pray for judgment in their favor, that the Plaintiffs take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief in the premises.

## JURY DEMAND

The Defendants, The City of Southport, Indiana and Officer Kyle McClintock respectfully demand a trial by jury.

**TRAVELERS STAFF COUNSEL**

By: */s/Paul T. Belch*

Paul T. Belch

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of December, 2013, a copy of this document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Brian R. Drummy
bdrummy@lawbr.com
BUNGER & ROBERTSON

Kevin C. Schiferl
kschiferl@fbtlaw.com
FROST BROWN TODD, LLC

Samuel R. Ardery
sardery@lawbr.com
BUNGER & ROBERTSON

Anthony W. Overholt
aoverholt@fbtlaw.com
FROST BROWN TODD, LLC

Andrew P. Wirick
awirick@humesmith.com
HUME SMITH GEDDES GREEN
   & SIMMONS

Amanda J. Griffith
Amanda.Griffith@indy.gov
OFFICE OF CORPORATION COUNSEL

Ameen R. Najjar
Ameen.Najjar@indy.gov
OFFICE OF CORPORATION
   COUNSEL

Beth A. Garrison
Beth.Garrison@indy.gov
OFFICE OF CORPORATION COUNSEL

By:    /s/Paul T. Belch
            Paul T. Belch, #18533-49

Travelers Staff Counsel
280 E. 96th Street , Suite 325
Indianapolis, IN  46240
Telephone:  (317)  818-5100
Fax:  (317) 818-5124
PTB:km