IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUNE FLANNERY, individually and as the Executor of the ESTATE OF KENNETH W. FLANNERY, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) Cause No. 1:13-cv-1714 RLY-MJD |
| THE CITY OF INDIANAPOLIS, OFFICER ALAN HOPKINS, OFFICER MARSHALL HOSKINS, OFFICER MARK FORD, JOHN DOE INDIANAPOLIS POLICE DEPARTMENT OFFICERS, individually as Indianapolis Police Department Officers, SHERIFF JOHN R. LAYTON in his official capacity as the Sheriff of the Marion County Sheriff's Department, DEPUTY EARNEST WATERMAN, DEPUTY PARKER SANDERS, JOHN DOE MARION COUNTY SHERIFF'S DEPARTMENT DEPUTIES individually as Marion County Sheriff Department Deputies, THE CITY OF SOUTHPORT, INDIANA, OFFICER KYLE McCLINTOCK, JOHN DOE CITY OF SOUTHPORT POLICE DEPARTMENT OFFICERS, individually as a City of Southport Police Department Officers, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS JOHN R. LAYTON, PARKER SANDERS AND EARNEST WATERMAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Sheriff John R. Layton, Deputy Parker Sanders and Deputy Earnest Waterman, for their Answer to Plaintiffs' First Amended Complaint state:

### I. PRELIMINARY STATEMENT

1. Paragraph 1 of Plaintiffs' First Amended Complaint is not directed towards Defendants Layton, Sanders, or Waterman and no response is necessary.

2. Defendants admit that the Plaintiffs have brought this action. Defendants deny the remaining allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint.

3. Paragraph 3 of Plaintiffs' First Amended Complaint is not directed towards Defendants Layton, Sanders or Waterman and no response is necessary.

4. Defendants admit that the Plaintiffs have brought this action. Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint.

5. Defendants admit that the Plaintiffs seek damages. Defendants deny that any damages are owed.

## II. JURISDICTION

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint.

## III. VENUE

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint.

## IV. PARTIES

9. Defendants are without sufficient information to form a reasonable belief as to the allegations in Paragraph 9 of Plaintiff's First Amended Complaint. Therefore, those allegations are denied.

10. Defendants are without sufficient information to form a reasonable belief as to the allegations in Paragraph 10 of Plaintiff's First Amended Complaint. Therefore, those allegations are denied.

11. Defendants are without sufficient information to form a reasonable belief as to the allegations in Paragraph 11 of Plaintiff's First Amended Complaint. Therefore, those allegations are denied.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint.

13. Paragraph 13 of Plaintiffs' First Amended Complaint is not directed toward Defendants Layton, Sanders or Waterman and no response is necessary.

14. Paragraph 14 of Plaintiffs' First Amended Complaint is not directed toward Defendants Layton, Sanders or Waterman and no response is necessary.

15. Defendants admit the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint.

16. Defendants admit that Earnest Waterman and Parker Sanders were employees of the MCSD. Defendants deny the remaining allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint.

17. Paragraph 17 of Plaintiffs' First Amended Complaint is not directed toward Defendants Layton, Sanders or Waterman and no response is necessary.

18. Paragraph 18 of Plaintiffs' First Amended Complaint is not directed toward Defendants Layton, Sanders or Waterman and no response is necessary.

19. Paragraph 19 of Plaintiffs' First Amended Complaint is not directed toward Defendants Layton, Sanders or Waterman and no response is necessary.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' First Amended Complaint.

## V. FACTUAL ALLEGATIONS

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' First Amended Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' First Amended Complaint.

23. Defendants admit the allegations in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendants are without sufficient information to form a reasonable belief as to the allegations in Paragraph 24 of Plaintiff's First Amended Complaint. Therefore, those allegations are denied.

25. Defendants are without sufficient information to form a reasonable belief as to the allegations in Paragraph 25 of Plaintiff's First Amended Complaint. Therefore, those allegations are denied.

26. Defendants are without sufficient information to form a reasonable belief as to the allegations in Paragraph 26 of Plaintiff's First Amended Complaint. Therefore, those allegations are denied.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 28 of Plaintiff's First Amended Complaint and therefore deny the same.

29. Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 29 of Plaintiff's First Amended Complaint and therefore deny the same.

30. Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 30 of Plaintiff's First Amended Complaint and therefore deny the same.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendants admit that a jail wagon was summoned, and that Kenneth Flannery was loaded into the wagon. The Defendants deny the remaining allegations contained in Paragraph 32 of Plaintiffs' First Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiffs' First Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' First Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' First Amended Complaint.

36. Defendants admit the allegations contained in Paragraph 36 of Plaintiffs' First Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' First Amended Complaint.

38. Defendants admit that Defendants Waterman and Sanders were on the scene of the arrest of Kenneth Flannery. Defendants deny the remaining allegations contained in Paragraph 38 of Plaintiffs' First Amended Complaint.

## VI  FEDERAL CAUSES OF ACTION

### a. First Cause of Action: 42 U.S.C. § 1983 Against Individual Defendants – Excessive Force

39. Defendants incorporate herein by reference their answers to Paragraph 1 through 38 as if fully set forth herein.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' First Amended Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' First Amended Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' First Amended Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' First Amended Complaint.

### b. Second Cause of Action: 42 U.S.C. § 1983 Against Individual Defendants – Objectively Unreasonable Conditions of Confinement

44. Defendants incorporate herein by reference their answers to Paragraphs 1 through 43 as if fully set forth herein.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' First Amended Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' First Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' First Amended Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' First Amended Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' First Amended Complaint.

### c. Third Cause of Action: 42 U.S.C. § 1983 Against Governmental Entities – Deprivation of Prompt and Appropriate Medical Care

52. Defendants incorporate herein by reference their answers to Paragraphs 1-51 as if fully set forth herein.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' First Amended Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' First Amended Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' First Amended Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' First Amended Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' First Amended Complaint.

## VI. PENDENT STATE LAW CLAIMS

**a. Fourth Cause of Action: Wrongful Death in Violation of § 34-23-1-1, *et seq*.**

60. Defendants incorporate herein by reference their answers to Paragraphs 1-59 as if fully set forth herein.

61. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 61 of Plaintiffs' First Amended Complaint. Therefore those allegations are denied.

62. Defendants admit the allegations contained in Paragraph 62 of Plaintiffs' First Amended Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' First Amended Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' First Amended Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' First Amended Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' First Amended Complaint.

### b. Fifth Cause of Action: Alternative Survival Action

67. Defendants incorporate herein by reference their answers to Paragraphs 1-67 as if fully set forth herein.

68. Defendants deny the allegations contained in Paragraph 68 of Plaintiffs' First Amended Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' First Amended Complaint.

WHERFORE, Defendants, by counsel, request that Plaintiff take nothing by way of her Complaint. Defendants also demand a jury trial.

### **AFFIRMATIVE DEFENSES**

1. The individual Defendants are entitled to qualified immunity.

2. The Defendants, in their official capacities, are immune from punitive damages.

3. The Defendants are entitled to the immunities afforded by the Indiana Tort Claims Act.

4. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

5. Kenneth Flannery, the decedent, was contributorily negligent, thus barring Plaintiffs' claim as provided by the Indiana Tort Claims Act.

6. One or more of the Defendants was not sufficiently involved in the incident to give rise to liability.

7. The incidents complained of in Plaintiffs' Amended Complaint were not the proximate cause of Kenneth Flannery's death.

8. There was probable cause for the arrest.

9. Plaintiffs may not recover damages on any state law claims against the individual Defendants for the acts committed within the scope of their employment.

10. Plaintiff's damages pursuant to their state law claims, if any, are limited by the cap imposed by the Indiana Tort Claims Act.

11. Plaintiff's claims are barred by the doctrine of incurred risk.

12. Defendants reserve the right to add new affirmative defenses as discovery progresses and new facts are learned supporting new defenses.

FROST BROWN TODD LLC

By: */s/Anthony W. Overholt*
Anthony W. Overholt, #16481-49

Attorneys for Defendant, Sheriff John R. Layton, Deputy Earnest Waterman and Deputy Parker Sanders

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Brian R. Drummy<br>Samuel R. Ardery<br>BUNGER & ROBERTSON<br>226 South College Square<br>Post Office Box 910<br>Bloomington, IN 47402-0910 | Amanda J. Griffith<br>Beth A. Garrison<br>Ameen R. Najjar<br>Office of Corporation Counsel<br>200 E. Washington St., Room 1601<br>Indianapolis, In 46204 |

Paul T. Belch
Travelers Staff Counsel
280 E. 96th Street, Suite 325
Indianapolis, IN 46240

                                              */s/Anthony W. Overholt*
                                              Anthony W. Overholt

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
aoverholt@fbtlaw.com

INDLibrary2 LR10348.0975409   1266969v1