# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

JUNE FLANNERY, individually and as the Executor )
of the ESTATE OF KENNETH W. FLANNERY, )
                                     )
      Plaintiff, )
                                       )
v. ) Case No. 1:13-cv-1714-RLY-MJD
                                       )
THE CITY OF INDIANAPOLIS; )
OFFICER ALAN HOPKINS; )
OFFICER MARSHALL HOSKINS; )
OFFICER MARK FORD, individually as )
Indianapolis Metropolitan Police Department Officers; )
SHERIFF JOHN R. LAYTON in his official Capacity )
as the Sheriff of the Marion County Sheriff's Department; )
DEPUTY EARNEST WATERMAN; )
DEPUTY PARKER SANDERS, individually as Marion )
County Sheriff's Deputies; )
THE CITY OF SOUTHPORT, INDIANA; )
OFFICER KYLE MCCLINTOCK, individually as a City )
Of Southport Police Department Officer, )
                                       )
      Defendants. )

## <u>DEFENDANTS, THE CITY OF INDIANAPOLIS, OFFICER ALAN HOPKINS; OFFICER MARSHALL HOSKINS, AND OFFICER MARK FORD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

Come now the Defendants, the City of Indianapolis, Officer Alan Hopkins, Officer

Marshall Hoskins, and Officer Mark Ford ("Defendants"), by counsel, hereby answer Plaintiff's

Second Amended Complaint. Defendants note that, for ease of reference, the allegations of

Plaintiff's Second Amended Complaint are set forth verbatim with Defendants' responses

following each allegation.

## *Answer*

## I. PRELIMINARY STATEMENT

1. This is an action brought by June Flannery, the mother of Kenneth Flannery, as the Personal Representative of the Estate of Kenneth W. Flannery, against The City of Indianapolis (hereinafter "IMPD"), and Officer Alan Hopkins, Officer Marshall Hoskins, Officer Mark Ford, individually as IMPD Officers (hereinafter collectively referred to as "Officer(s)") pursuant to 42 U.S.C. §1983.

2. This action is also brought by June Flannery, the mother of Kenneth Flannery, as the Personal Representative of the Estate of Kenneth W. Flannery, against Sheriff John R. Layton (hereinafter "MCSD") in his official capacity as the Sheriff of the Marion County Sheriff's Department, and Deputy Earnest Waterman, Deputy Parker Sanders, individually as Sheriff Department Deputies (collectively hereinafter referred to as "Officer(s)") pursuant to 42 U.S.C. §1983.

3. This action is also brought by June Flannery, the mother of Kenneth Flannery, as the Personal Representative of the Estate of Kenneth W. Flannery, against the City of Southport, Indiana (hereinafter "Southport PD"), and Officer Kyle McClintock (collectively hereinafter referred to as "Officer(s)"), individually as Southport PD Officers pursuant to 42 U.S.C. §1983.

4. The Plaintiff also bring this action against IMPD, and Officer Alan Hopkins, Officer Marshall Hoskins, Officer Mark Ford, the MCSD, and Deputy Earnest Waterman, Deputy Parker Sanders, Southport PD, and Officer Kyle McClintock, under the pendent state law claims of wrongful death, specifically Ind. Code §34-23-1-1; § 34-23-1-2; and § 34-9-3-4.

5. The Plaintiff seeks compensatory and punitive damages, and all reasonable and necessary medical and hospital expenses, autopsy expenses, funeral expenses, administrative costs and expenses, loss of love and companionship, and attorney fees and costs for bringing this action.

> **ANSWER:** The allegations contained in paragraphs one (1) through five (5) of Section I. Preliminary Statement of Plaintiff's Second Amended Complaint, are preliminary in nature and do not make material contentions as against the Defendants, therefore, no response is required. However, to the extent a responsive pleading is required, and to the extent the allegations contained in paragraphs one (1) through (5) are directed at the Defendants, they are specifically denied.

## II. JURISDICTION

6. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1331, this being a suit authorized by 42 U.S.C. §1983 to redress the deprivation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution.

7. This Court has supplemental jurisdiction to hear and decide Plaintiff's state law theories pursuant to 28 U.S.C. § 1367.

> **ANSWER:** Defendants admit the material allegations contained in paragraphs six (6) and seven (7) of Section II. Jurisdiction of Plaintiff's Second Amended Complaint.

## III. VENUE

8. Venue is proper in the Southern District of Indiana, Indianapolis Division under 28 U.S.C. §1391(b), which allows for an action to be brought in the district where the Defendants reside or in which the cause of action arose. The cause of action arose in Marion County, State of Indiana, which is in the Southern District of Indiana.

> **ANSWER:** Defendants admit the material allegations contained in paragraph eight (8) of Section III. Venue of Plaintiff's Second Amended Complaint.

# IV. PARTIES

9. The decedent, Kenneth W. Flannery (sometimes referred to as the "decedent"), was a citizen of the United States of America and was at all times relevant to this Complaint a resident of Marion County, State of Indiana.

> **ANSWER:** Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in Paragraph nine (9) of Section IV of Plaintiff's Second Amended Complaint, and therefore deny said allegations.

10. Plaintiff's representative, June Flannery, is a citizen of the United States of America and was at all times relevant to this Complaint a resident of Marion County, State of Indiana.

> **ANSWER:** Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in Paragraph ten (10) of Section IV of Plaintiff's Second Amended Complaint, and therefore deny said allegations.

11. This Complaint is brought on behalf of the decedent by the Estate of Kenneth W. Flannery by the decedent's mother, June Flannery, as the Personal Representative of the Estate of Kenneth W. Flannery.

> **ANSWER:** Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in Paragraph eleven (11) of Section IV of Plaintiff's Second Amended Complaint, and therefore deny said allegations.

12. Defendant City of Indianapolis is a governmental entity organized and existing under, and by virtue of, the laws of Indiana.

> **ANSWER:** Defendants admit the material allegations contained in Paragraph twelve (12) of Section IV of Plaintiff's Second Amended Complaint.

13. Defendant City of Indianapolis operates and controls the Indianapolis Metropolitan Police Department created by the City-County General Ordinance No. 100, 2005, Chapter 279, in order to provide public safety and protection for the City of Indianapolis and all citizens in the Indianapolis metropolitan area.

   **ANSWER:** Defendants admit the material allegations contained in Paragraph thirteen (13) of Section IV of Plaintiff's Second Amended Complaint.

14. Defendants Alan Hopkins, Marshall Hoskins, and Mark Ford were at all times relevant hereto employed as members of the IMPD. The Defendant officers are all individually responsible for the enforcement of the United State Constitution and all laws and regulations of the United States and of the State of Indiana.

   **ANSWER:** In response to Paragraph fourteen (14) of Section IV of Plaintiff's First Amended Complaint, Defendants admit that Officer Alan Hopkins, Officer Marshall Hoskins and Officer Mark Ford were employed by the Indianapolis Metropolitan Police Department at the time of the arrest of Kenneth Flannery. Defendants admit that Officer Alan Hopkins, Officer Marshall Hoskins and Officer Mark Ford were responsible for the enforcement of the United States Constitution and all laws and regulations of the United States and of the State of Indiana.

15. Defendant Sheriff John R. Layton is the elected Sheriff of the Marion County Sheriff's Department. The Marion County Sheriff's Department is a governmental unit located in Marion County, in the State of Indiana in order to provide public safety and protection for the City of Indianapolis and Marion County and all of the citizens in the Indianapolis metropolitan area and Marion County.

   **ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph fifteen (15) of Section IV of Plaintiff's Second Amended Complaint and therefore deny the same.

16. Defendants Earnest Waterman, and Parker Sanders were at all times relevant hereto employed as members of the MCSD. The Defendant Officers are all individually responsible for the enforcement of the United State Constitution and all laws and regulations of the United States and of the State of Indiana.

**ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph sixteen (16) of Section IV of Plaintiff's Second Amended Complaint and therefore deny the same.

17. The City of Southport is a governmental entity organized and existing under, and by virtue of the laws of Indiana.

**ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph seventeen (17) of Section IV of Plaintiff's Second Amended Complaint and therefore deny the same.

18. Defendant City of Southport operates and controls the City of Southport Police Department in order to provide public safety and protection for the City of Southport and Marion County and all of the citizens in the Indianapolis metropolitan area.

**ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph eighteen (18) of Section IV of Plaintiff's Second Amended Complaint and therefore deny the same.

19. Defendants Kyle McClintock was at all times employed as members of the Southport PD. The Defendant Officer is individually responsible for the enforcement of the United State Constitution and all laws and regulations of the United States and of the State of Indiana.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph nineteen (19) of Section IV of Plaintiff's Second Amended Complaint and therefore deny the same.

20. The conduct of each individual Defendant police officer was objectively unreasonable under the circumstances and violated the constitutional rights of the decedent, Kenneth Flannery. They were at all times relevant acting under the color of state law as State Police Officers and are sued in their individual capacities.

**ANSWER:** Defendant denies the allegations made in paragraph twenty (20) of Section IV of Plaintiff's Second Amended Complaint.

## V. FACTUAL ALLEGATIONS

21. On July 21, 2012, the Defendants used excessive force in their arrest, restraint, and confinement of Kenneth Flannery causing his death. The Defendants were objectively unreasonable in that they deprived Kenneth Flannery of prompt and appropriate medical care and were willfully indifferent to Kenneth Flannery's medical needs.

**ANSWER:** Defendants deny the allegations made in paragraph twenty-one (21) of Section V of Plaintiff's Second Amended Complaint.

22. The Defendants are responsible for the wrongful death of the Kenneth Flannery.

**ANSWER:** Defendants deny the allegations made in paragraph twenty-two (22) of Section V of Plaintiff's Second Amended Complaint.

23. On July 21, 2012, at approximately 7:36 p.m., the Defendants' Officers were dispatched by radio to 8110 Madison Ave, Indianapolis, Indiana based on a report of an intoxicated person.

**ANSWER:** Defendants admit the allegations made in paragraph twenty-three (23) of Section V of Plaintiff's Second Amended Complaint.

24. Defendant Earnest Waterman arrived on the scene and made initial contact with the decedent – Kenneth Flannery. Upon Deputy Waterman's arrival, Kenneth Flannery was sitting on the ground, legs in front of him, with his hands propped behind his back holding him up.

> **ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph twenty-four (24) of Section V of Plaintiff's Second Amended Complaint and therefore deny the same.

25. Upon Deputy Waterman's request, Kenneth Flannery provided Defendant Waterman with his photo identification card.

> **ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph twenty-five (25) of Section V of Plaintiff's Second Amended Complaint and therefore deny the same.

26. Officer Marshall Hoskins arrived on scene a short time later and took charge of the arrest of Kenneth Flannery.

> **ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph twenty-six (26) of Section V of Plaintiff's Second Amended Complaint and therefore deny the same.

27. Soon after, the other Defendants and other officers, arrived on the scene, and assisted in holding, restraining, assaulting, loading, and confining the decedent into the jail-wagon.

> **ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph twenty-seven (27) of Section V of Plaintiff's Second Amended Complaint and therefore deny the same.

28. Kenneth Flannery was placed in handcuffs and foot shackles and was placed face-down on the pavement.

**ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph twenty-eight (28) of Section V of Plaintiff's Second Amended Complaint and therefore deny the same.

29. One or more of the Defendant Officers used their body weight to hold Kenneth Flannery face-down on the pavement for an extended period of time.

**ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph twenty-nine (29) of Section V of Plaintiff's Second Amended Complaint and therefore deny the same.

30. Kenneth Flannery repeatedly told the Defendant Officers that he was unable to breathe throughout the arrest.

**ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph thirty (30) of Section V of Plaintiff's Second Amended Complaint and therefore deny the same.

31. At some point during the arrest, after Kenneth Flannery had been restrained in handcuffs and foot shackles, Kenneth Flannery was held down on the ground by the Defendants while other Defendants punched, kicked, and struck Kenneth Flannery with clubs.

**ANSWER:** Defendants deny the allegations contained within Paragraph thirty-one (31) of Section V of Plaintiff's Second Amended Complaint.

32. A jail wagon was summoned and the Defendants loaded Kenneth Flannery into the wagon. The Defendants placed Kenneth Flannery facedown into the wagon, elevated his legs, and essentially locked his body in a confined and contorted hog-tie position.

**ANSWER:** Defendants admit that a jail wagon was summoned. Defendants are without sufficient information to either admit or deny the remaining allegations contained within Paragraph thirty-two (32) of Section V of Plaintiff's Second Amended Complaint and therefore deny the same.

33. The Defendants confined and restrained Kenneth Flannery in a space and body position that was incompatible with breathing.

**ANSWER:** Defendants deny the allegations made in Paragraph thirty-three (33) of Section V of Plaintiff's Second Amended Complaint.

34. While the decedent was being loaded into the wagon by one or more officers, other officers whose identities are unrevealed at this time, stood there and did nothing.

**ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph thirty-four (34) of Section V of Plaintiff's Second Amended Complaint and therefore deny the same.

35. The wagon driver failed to monitor Kenneth Flannery's medical and physical condition while driving Kenneth Flannery to the Defendants' Arrestee Processing Center.

**ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph thirty-five (35) of Section V of Plaintiff's Second Amended Complaint and therefore deny the same.

36. Upon arrival at the Arrestee Processing Center, Kenneth Flannery was found unconscious and pronounced dead at the scene.

**ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph thirty-six (36) of Section V of Plaintiff's Second Amended Complaint and therefore deny the same.

37. The decedent had suffered a lacerated spleen, broken ribs, cuts and bruising all over his body, and died of suffocation as a result of positional asphyxiation.

**ANSWER:** Defendants are without sufficient information to either admit or deny the

allegations contained within Paragraph thirty-seven (37) of Section V of Plaintiff's Second Amended Complaint and therefore deny the same.

38. Officer Alan Hopkins, Officer Marshall Hoskins, Officer Mark Ford, Deputy Earnest Waterman, Deputy Parker Sanders, and Officer Kyle McClintock were all on scene of the arrest of Kenneth Flannery. All of these Officers participated in the arrest and violation of Kenneth Flannery's rights and/or stood by and did nothing to prevent the other Officers from violating Kenneth Flannery's rights.

**ANSWER:** Defendants admit that Officer Alan Hopkins, Officer Marshall Hoskins, and Officer Mark Ford were all on scene during the arrest of Kenneth Flannery. As to Deputy Earnest Waterman, Deputy Parker Sanders, and Officer Kyle McClintock, Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph thirty eight (38) Section V of Plaintiff's Second Amended Complaint and therefore deny the same. Defendants deny the remaining allegations made in Paragraph thirty-eight (38) of Section V of Plaintiff's Second Amended Complaint.

# VI. FEDERAL CAUSES OF ACTION

## a. FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS – EXCESSIVE FORCE

39. The Plaintiff incorporates by reference rhetorical paragraphs 1 through 38 as if fully set forth herein.

**ANSWER:** Defendants hereby incorporate their responses to the allegations made in Paragraphs 1-38 of Plaintiff's Second Amended Complaint.

40. Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, and McClintock's use of force in detaining, restraining, confining, and transporting Kenneth Flannery was excessive.

**ANSWER:** Defendants deny the allegations made in Paragraph forty (40) of Section VI(a) of Plaintiff's Second Amended Complaint.

41. While the Defendants were utilizing excessive force in their arrest, restraint, and the manner in which Kenneth Flannery was loaded, retrained, and confined in the jail wagon by one or more officers, other Officers stood there and did nothing.

**ANSWER:** Defendants deny the allegations made in Paragraph forty-one (41) of Section VI(a) of Plaintiff's Second Amended Complaint.

42. Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, and McClintock were acting under color of state law and in the scope of their employment as police officers at all times relevant to this Complaint.

**ANSWER:** Defendants admit the allegations made in Paragraph forty-two (42) of SectionVI(a) of Plaintiff's Second Amended Complaint.

43. Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, and McClintock's unlawful conduct was a proximate cause of the death of Kenneth W. Flannery.

**ANSWER:** Defendants deny the allegations made in Paragraph forty-three (43) of Section VI(a) of Plaintiff's Second Amended Complaint.

## b. SECOND CAUSE OF ACTION: 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS – OBJECTIVELY UNREASONABLE CONDITIONS OF CONFINEMENT

44. The Plaintiff incorporates by reference rhetorical paragraphs 1 through 43 as if fully set forth herein.

**ANSWER:** Defendants hereby incorporate their responses to the allegations made in Paragraphs 1-43 of Plaintiff's Second Amended Complaint.

45. Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, and McClintock confinement of Kenneth Flannery in the jail wagon constituted punishment in violation of Kenneth Flannery's Constitutional Rights.

**ANSWER:** Defendants deny the allegations made in Paragraph forty-five (45) of Section VI(b) of Plaintiff's Second Amended Complaint.

46. Specifically, Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, and McClintock placed Kenneth Flannery face-down in the foot-well of the jail wagon measuring 46.5 inches long by 19 inches wide, with his hands cuffed behind his back, and feet shackled. Kenneth Flannery's legs were then propped up above his head in a hog-tie like position.

**ANSWER:** Defendants deny the allegations made in Paragraph forty-six (46) of Section VI(b) of Plaintiff's Second Amended Complaint.

47. The Defendants' manner of restraining and positioning Kenneth Flannery was objectively unreasonable and deprived Kenneth Flannery of minimalized civilized measures of life necessities. Specifically, the Defendants' positioning of Kenneth Flannery deprived Flannery of the ability to freely breathe oxygen resulting in a slow and agonizing death by suffocation.

**ANSWER:** Defendants deny the allegations made in Paragraph forty-seven (47) of SectionVI(b) of Plaintiff's Second Amended Complaint.

48. The Defendants' manner of restraining and positioning Kenneth Flannery in the jail wagon was objectively unreasonable under the circumstances, bore no reasonable relationship to any legitimate government interest, and constitutes punishment.

**ANSWER:** Defendants deny the allegations made in paragraph forty-eight (48) of SectionVI(b) of Plaintiff's Second Amended Complaint.

49. While Kenneth Flannery was being loaded, confined, and restrained into the jail wagon for transport by one or more officers, other officers stood there and did nothing.

**ANSWER:** Defendants deny the allegations made in paragraph forty-nine (49) of Section VI(b) of Plaintiff's Second Amended Complaint.

50. Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, and McClintock were acting under color of state law and in the scope of their employment as police officers at all times relevant to this Complaint.

**ANSWER:** Defendants admit the allegations made in Paragraph fifty (50) of Section VI(b) of Plaintiff's Second Amended Complaint.

51. Defendants Hopkins, Hoskins, Ford, Waterman, Sanders, McClintock unlawful conduct was a proximate cause of the death of Kenneth W. Flannery.

**ANSWER:** Defendants deny the allegations made in Paragraph fifty-one (51) of Section VI(b) of Plaintiff's Second Amended Complaint.

**c. THIRD CAUSE OF ACTION: 42 U.S.C. § 1983 AGAINST GOVERNMENTAL ENTITIES – DEPRIVATION OF PROMPT AND APPROPRIATE MEDICAL CARE**

52. The Plaintiff incorporates by reference rhetorical paragraphs 1 through 51 as if fully set forth herein.

**ANSWER:** Defendants hereby incorporate its responses to the allegations made in Paragraphs 1-51 of Plaintiff's Second Amended Complaint.

53. Defendants IMPD, Southport PD, and MCSD share resources, policies, and procedures as well as delegate duties related to the medical care, custody, and transportation of arrestees.

> **ANSWER:** Defendants deny the allegations made in Paragraph fifty-three (53) of Section VI(c) of Plaintiff's Second Amended Complaint.

54. Defendants IMPD, Southport PD, and MCSD's officially adopted policies, customs, and practices were objectively unreasonable and willfully indifferent to Kenneth Flannery's emergency medical needs and deprived Kenneth Flannery of prompt and appropriate medical care.

> **ANSWER:** Defendants deny the allegations made in Paragraph fifty-four (54) of Section VI(c) of Plaintiff's Second Amended Complaint.

55. In the spring of 2012, IMPD, Southport PD, and MCSD implemented the APC Alcohol Detoxification Program (hereinafter "Redirect Program"). The Redirect Program required that all intoxicated male arrestees be brought to the Arresting Processing Center for medical evaluation. The Redirect Program stripped IMPD, Southport PD, MCSD officers, and the Defendant Officers herein, of the power and ability to render prompt and appropriate medical care to Kenneth Flannery.

> **ANSWER:** Defendants deny the allegations made in paragraph fifty-five (55) of Section VI(c) of Plaintiff's Second Amended Complaint.

56. On July 21, 2012, the Officers were operating under the rules and procedures set forth by Redirect Program.

**ANSWER:** Defendants deny the allegations made in Paragraph fifty-six (56) of Section VI(c) of Plaintiff's Second Amended Complaint.

57. Specifically, the Redirect Program prohibited the Officers from taking Kenneth Flannery directly to a hospital or from summoning Emergency Medical Technicians to provide emergency medical care at the scene of the arrest and to provide expedited transportation to a hospital.

**ANSWER:** Defendants deny the allegations made in Paragraph fifty-seven (57) of Section VI(c) of Plaintiff's Second Amended Complaint.

58. The Redirect Program constitutes a policy and practice that is objectively unreasonable on the part of IMPD, Southport PD, and MCSD toward the medical needs of all arrestees, and of Kenneth Flannery on July 21, 2012.

**ANSWER:** Defendants deny the allegations made in Paragraph fifty-eight (58) of Section VI(c) of Plaintiff's Second Amended Complaint.

59. Defendants IMPD, Southport PD, and MCSD's unlawful conduct was a proximate cause of the death of Kenneth W. Flannery.

**ANSWER:** Defendants deny the allegations made in Paragraph fifty-nine (59) of Section VI(c) of Plaintiff's Second Amended Complaint.

## VII. PENDENT STATE LAW CLAIMS

### a. FOURTH CAUSE OF ACTION: WRONGFUL DEATH IN VIOLATION OF § 34-23-1-1 ET SEQ.

60. The Plaintiff incorporates by reference rhetorical paragraphs 1 through 59 as if fully set forth herein.

**ANSWER:** Defendants hereby incorporate its responses to the allegations made in Paragraphs 1-59 of Plaintiff's Second Amended Complaint.

61. Kenneth Flannery was an adult person at his death because he was over the age of twenty (20), was unmarried, and had one adult dependent.

**ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph sixty-one (61) of Section VII(a) of Plaintiff's Second Amended Complaint and therefore deny the same.

62. The Defendants owed Kenneth Flannery a duty of care.

**ANSWER:** Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph sixty-two (62) of Section VII(a) of Plaintiff's Second Amended Complaint and therefore deny the same.

63. The Defendants breached that duty by failing to exercise reasonable care to ensure Kenneth Flannery's safety while he was in the Defendants' custody and control.

**ANSWER:** Defendants deny the allegations made in Paragraph sixty-three (63) of Section VII(a) of Plaintiff's Second Amended Complaint.

64. The Defendants' acts and omissions caused the Plaintiff's losses and damages and resulted in the injury and death of Kenneth Flannery.

**ANSWER:** Defendants deny the allegations made in Paragraph Sixty-four (64) of Section VII(a) of Plaintiff's Second Amended Complaint.

65. The Defendants were acting within the scope of their employment at all times relevant to this Complaint.

**ANSWER:** Defendants admit the allegations made in Paragraph sixty-five (65) of Section VII(a) of Plaintiff's Second Amended Complaint.

66. As a result of the Defendants' failure to exercise reasonable care, the Plaintiff, by its personal representative, requests the following relief: (A.) Reasonable medical, hospital, autopsy, funeral, and burial expenses necessitated by Defendants' conduct; (B.) Damage for the loss of the love and companionship of Kenneth Flannery; (C.) Attorney fees and costs of this action; and (D.) Any other relief which this Court deems just and proper.

**ANSWER:** Defendants deny the allegations made in Paragraph sixty-six (66) of Section VII(a) of Plaintiff's Second Amended Complaint.

### b. FIFTH CAUSE OF ACTION: ALTERNATIVE SURVIVAL ACTION

67. The Plaintiff incorporates by reference rhetorical paragraphs 1 through 66 as if fully set forth herein.

**ANSWER:** Defendants hereby incorporate its responses to the allegations made in Paragraphs 1-66 of Plaintiff's Second Amended Complaint.

68. As a direct and proximate result of the Defendants' reckless and careless treatment of Kenneth Flannery, Kenneth Flannery suffered significant pain and mental suffering and torture, incurred medical bills, and was deprived of the enjoyment of life up to the time of his death on July 21, 2012.

**ANSWER:** Defendants deny the allegations made in Paragraph sixty-eight (68) of Section VII(b) of Plaintiff's Second Amended Complaint.

69. As a result of the Defendants' failure to exercise reasonable care, the Plaintiff, by the personal representative of the estate of the deceased, requests to recover all damages resulting before the time of death that, including, but not limited to the following relief: (A.) Reasonable medical, hospital, autopsy, funeral, and burial expenses necessitated by Defendants' conduct; (B.) Damage for the loss of the love and companionship of Kenneth Flannery; (C.) Attorney fees and costs of this action; and (D.) Any other relief which this Court deems just and proper.

**ANSWER:** Defendants deny the allegations made in Paragraph sixty-nine (69) of Section VII(b) of Plaintiff's Second Amended Complaint.

## VIII. DEMAND FOR JURY TRIAL

70. The Plaintiff hereby requests a trial by jury.

**ANSWER:** Defendants also demand a jury trial.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the Estate of Kenneth W. Flannery, by its Personal Representative, June Flannery, requests the following relief:

(a) To declare the Defendants' conduct unlawful;

(b) To award compensatory damages for decedent's death, including, but not limited to loss of earnings, life, service, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for pain and suffering;

(c) Reasonable medical, hospital, autopsy, funeral, and burial expenses necessitated by Defendants' conduct and damage for the loss of the love and companionship of Kenneth Flannery pursuant to the Indiana Wrongful Death Act and Survival Act;

(d) To award punitive damages to deter the Officer Defendants from committing similar conduct in the future;

(e) To award attorney fees and costs; and

(f) To grant such other relief as the Court deems proper.

**ANSWER:** Wherefore, Defendants respectfully request that judgment be entered for the Defendants and that Plaintiff takes nothing by way of the Second Amended Complaint, as well as for all other just and proper relief in the premises.

### ***Affirmative Defenses***

Defendants assert the following affirmative defenses to Plaintiffs' Second Amended Complaint, subject to discovery:

1. Probable cause for arrest existed.

2. Plaintiffs' claims under *Monell*, if any, are barred to the extent they have failed to properly state a claim.

3. The individual Defendants are immune from liability for Plaintiffs' claims to the extent the doctrine of qualified immunity applies.

4. Plaintiffs' claims are barred to the extent they do not have standing to bring this action.

5. Plaintiffs' claims are barred to the extent abstention doctrines apply.

6. Plaintiffs' claims for punitive damages against a governmental entity under state or federal law are barred, and Plaintiffs are not entitled to punitive damages on any claims against Defendants in their individual capacities.

7. Plaintiffs have failed to state a claim upon which relief may be granted.

8. Plaintiffs' state law claims, if any, are barred to the extent they failed to comply with the notice requirements of the Indiana Tort Claims Act, Indiana Code section 34-13-3-1 *et seq.*

9. Plaintiffs' lawsuit and any recovery is barred to the extent that the claims are subject to any state and/or federal statutes limiting the cause of action or the recovery of damages, including, but not limited to, a cap on compensatory damages and a limitation on interest.

10. To the extent that Plaintiffs' lawsuit alleges negligence or state tort claims, Defendants are immune under Indiana's Tort Claim Act, Indiana Code section 34-13-3-4, *et seq.*

11. Plaintiffs' claims are barred to the extent that they have waived claims by actions or inactions.

12. Plaintiffs are barred from recovering damages to the extent such damages were the proximate result of Plaintiff's contributory negligence.

13. Plaintiffs are barred from recovering damages to the extent such damages were the proximate result of the actions or inactions of a non-party.

14. Defendants acted in good faith at all times, and had reasonable grounds for believing that any act(s) they took did not violate any applicable federal or state laws.

15. Defendants acted in accordance with their authority pursuant to a state law and/or federal law.

16. Plaintiffs' recovery, if any, on state law claims is limited pursuant to Indiana Code sections 34-13-3-4 and 34-23-1-2.

17. Plaintiffs may not recover damages on any state law claims against the individual Defendants for the acts committed within the scope of their employment.

18. The alleged injuries and/or damages of which the Plaintiffs complain were the proximate result of the risk voluntarily incurred and/or assumed by the Plaintiff.

19. Plaintiffs' claims are barred to the extent the Defendants would have taken the same action against the Plaintiff even if there were no constitutional violations.

20. Defendants did not act with malice or reckless indifference.

21. Plaintiffs' claims, if any, for prejudgment interest are barred by Indiana law.

22. Plaintiffs' claims are limited to the extent the loss of chance doctrine applies.

Further, the Defendants hereby reserve any and all rights they may have to raise additional affirmative defenses that may be developed through the course of discovery in this litigation.

Respectfully submitted,

_/s/ Ameen R. Najjar_____
Ameen R. Najjar (16818-49)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: Ameen.Najjar@indy.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2014, a copy of the foregoing served by electronic filing.

Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system   Parties may access this filing through the Court's system.

Brian R. Drummy
Samuel R. Ardery
Bunger & Robertson
226 South College Square
P.O. Box 910
Bloomington, IN  47402
bdrummy@lawbr.com
sardery@lawbr.com

Andrew P. Wirick
Hume Smith Geddes Green & Simmons
54 Monument Circle
4th Floor
Indianapolis, IN 46204
awirick@humesmith.com

Anthony W. Overholt
Kevin C. Schiferl
Frost Todd Brown, LLC
201 North Illinois Street
Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
aoverholt@fbtlaw.com
kschiferl@fbtlaw.com

Paul Thomas Belch
Matthew D. Miller
Travelers Staff Counsel
280 East 96th Street
Suite 325
Indianapolis, IN  46240
pbelch@travelers.com

John F. Kautzman
Edward J. Merchant
RUCKLESHAUS, KAUTZMAN,
BLACKWELL BEMIS & HASHBROOK
107 North Pennsylvania Street, Suite 900
Indianapolis, Indiana  46204
jfk@rucklaw.com
ejm@rucklaw.com

 

 

 /s/ Ameen R. Najjar
Ameen R. Najjar (16818-49)
Assistant Corporation Counsel